IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. WR-64,225-01






EX PARTE JERMAINE MYERS, Applicant









ON APPLICATION FOR WRIT OF HABEAS CORPUS

CAUSE NUMBER W04-48323-Q(A) IN THE 204TH

DISTRICT COURT DALLAS COUNTY 



 



 Per curiam.



O R D E R



 This is an application for a writ of habeas corpus that was transmitted to this Court
by the clerk of the trial court pursuant to the provisions of Article 11.07, Section 3, of the
Texas Code of Criminal Procedure. Ex Parte Young, 418 S.W.2d 824, 826 (Tex. Crim. App.
1967). Applicant states that he pled guilty to felony assault and was sentenced to a term of
six years in prison. He also states that there was no direct appeal.

 In this application for a writ of habeas corpus, Applicant contends that his sentence
is illegal. The trial court has not entered findings of fact and conclusions of law, and it is this
Court's opinion that additional information is needed before this Court can render a decision. 
Because this Court does not hear evidence, though, the trial court is the appropriate forum. 
Ex parte Rodriguez, 334 S.W.2d 294, 294 (Tex. Crim. App. 1960). 

 Thus, the trial court shall resolve the issues raised as set out in Article 11.07, Section
3(d), of the Texas Code of Criminal Procedure. The trial court may order affidavits,
depositions, interrogatories, or hold a hearing. In the appropriate case, the trial court may
also rely on its personal recollection. Additionally, the trial court shall supplement the record
to this Court with a copy of the indictment, a copy of the judgment, a copy of the plea papers,
and a copy of any other documents that the trial court deems relevant and appropriate to the
disposition of Applicant's application for habeas corpus relief.

 If the trial court elects to hold a hearing, the court shall first decide whether Applicant
is indigent. If the trial court finds that Applicant is indigent, and Applicant desires to be
represented by counsel, the trial court will then, pursuant to the provisions of Article 26.04
of the Texas Code of Criminal Procedure, appoint an attorney to represent him at the hearing. 
 Following the receipt of additional information, the trial court shall determine whether
Applicant was subjected to an illegal sentence, and the trial court shall make any further
findings of fact and conclusions of law that it deems relevant and appropriate to the
disposition of Applicant's application for habeas corpus relief. Further, because this Court
does not hear evidence, Ex parte Rodriguez, 334 S.W.2d at 294, this application for a post-conviction writ of habeas corpus will be held in abeyance pending the trial court's
compliance with this order. 

 Resolution of the issues shall be accomplished by the trial court within 90 days of the
date of this order. (1) A supplemental transcript containing all affidavits and interrogatories or
the transcription of the court reporter's notes from any hearing or deposition along with the
trial court's supplemental findings of fact and conclusions of law and the additional
documents described above shall be returned to this Court within 120 days of the date of this
order. (2)




DELIVERED: APRIL 12, 2005

DO NOT PUBLISH


 
1. [1] In the event any continuances are granted, copies of the order granting the
continuance shall be provided to this Court.
2. [2] Any extensions of this time period shall be obtained from this Court.